IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALICE MARIE RIDING,[1] | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:25-cv-00713-RK ) |
| CITY MORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION; and NEWREZ LLC; | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court are Defendants NewRez LLC and U.S. Bank National Association's motion to dismiss, (Doc. 19), and Defendant City Mortgage, Inc.'s motion to dismiss, (Doc. 24), brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2] The motions are fully briefed. (Docs. 20, 21, 22, 25, 27, 29, 33.)[3] After careful consideration and for the reasons explained below, the Court **ORDERS** that Defendants' motions to dismiss are **GRANTED**, and this case is **DISMISSED**.

**Background**

This case arises out of Plaintiff's (former) interest in a property located at 8409 E. 116th Street, Kansas City, Missouri 64134 (the "Property").

On August 18, 2006, Plaintiff executed a Deed of Trust to CitiFinancial Mortgage Company, Inc., securing a promissory note dated August 18, 2006, regarding the Property.[4] (Doc.

---

[1] Plaintiff's Complaint also lists Robin Louis Riding as a "nominal party," but states that he is "not asserting a private claim" in this case. (Doc. 1 at 1.)

[2] The two motions to dismiss largely address the same arguments, and the Court's analysis refers to the motions jointly unless otherwise stated.

[3] In response to Defendants NewRez and U.S. Bank's motion to dismiss, Plaintiff filed suggestions in opposition, (Doc. 21), and amended suggestions in opposition, (Doc. 22).

[4] A deed of trust and a mortgage serve similar purposes but differ in structure and legal implications. "A mortgage is a legal agreement between a borrower and a lender where the borrower receives funds to purchase property, and in return, the property acts as collateral for the loan," while under a deed of trust, "the borrower receives the loan and conveys the title [of the property] to a trustee until the loan is paid off. If the borrower defaults, the trustee has the authority to sell the property through a non-judicial foreclosure

1-3 at 1.) The Deed of Trust was recorded on August 24, 2006, in the Recorder's Office of Jackson County, Missouri. (*Id.*) Almost nine years later, on July 27, 2015, CitiMortgage, Inc. (the successor to CitiFinancial Mortgage Company, Inc.), as grantor, recorded an "Assignment of Mortgage/Deed of Trust," assigning the Deed of Trust to U.S. Bank National Association as grantee. (Doc. 25-1.)[5] On December 16, 2024 (after various other assignments since 2015), the Deed of Trust was finally assigned to U.S. Bank Trust via an "Assignment of Deed of Trust," which was recorded on December 17, 2024. (Doc. 1-3 at 1.)[6] On March 27, 2025, U.S. Bank Trust executed a Deed of Release which satisfied and released the Deed of Trust. (Doc. 1 at ¶ 5; Doc. 1-5 at 3.) U.S. Bank National Association is listed as the grantor and Alice Riding and Robin Riding are listed as the grantees on this Deed of Release. (*Id.*)

On May 10, 2024, approximately seven months before the final assignment of the Deed of Trust to U.S. Bank Trust in December 2024, a junior lienholder[7] foreclosed on its interest in the Property and sold the Property to a third-party purchaser subject to the Deed of Trust and promissory note. (Doc. 1-3 at 3.)[8] On June 5, 2025, counsel for the third-party purchaser sent a letter to Plaintiff stating that it had "satisfied the senior mortgage in full to avoid the imposition of a lien that could have interfered with possession of the property." (*Id.*)

Plaintiff Alice Riding, proceeding pro se, filed this case on September 12, 2025, seeking equitable relief. (Doc. 1.) Plaintiff does not set forth any specific causes of action in the Complaint but attempts to invoke this Court's "exclusive equity jurisdiction." (Doc. 1-1 at 1.) In the prayer

---

process." *See Mortgages vs. Deeds of Trust in Missouri: Understanding Security Instruments and Key Differences*, Generis Global Legal Servs. (Sept. 1, 2025), https://generisonline. com/mortgages-vs-deeds-of-trust-in-missouri-understanding-security-instruments-and-key-differences/ [https://perma.cc/7CQR-L95G].

[5] The Court may consider matters of public record in deciding a Rule 12(b)(6) motion to dismiss. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The 2015 Assignment is a publicly available document that was recorded in the Recorder's Office of Jackson County, Missouri.

[6] Plaintiff alleges that the December 16, 2024 assignment was to CitiMortgage. This allegation is completely contrary to the "Assignment of Deed of Trust" that Plaintiff attached to her Complaint. (*See* Doc. 1-3.) CitiMortgage only appears in this document with reference to the initial 2006 Deed of Trust. (*Id.*) Regardless, this fact is immaterial to the Court's forthcoming analysis.

[7] The nature of the loan or transaction between the junior lienholder and Plaintiff is not clear from the Complaint and attached exhibits.

[8] This letter references Case No. 2416-CV15243, which is a case the third-party purchaser brought against Plaintiff Alice Riding in the Circuit Court of Jackson County for unlawful detainer of the Property. It appears that the case was filed in May 2024, after Alice Riding did not leave the Property following the foreclosure sale. That case resulted in judgment favorable to the third-party purchaser.

for relief, Plaintiff seeks various declarations from the Court, a "Joint Equitable Accounting," "Restoration of Beneficial Rights," and "Correction of the Record" to reflect Plaintiff's equitable rights. (Doc. 1 at 3.)[9]  Thus, as best as the Court can discern, Plaintiff is asserting a claim for an equitable accounting under Missouri law. Defendants now move to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and for failure to state a claim. (Docs. 19, 24.)

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, No. 4:18-cv-00216-PCL, 2018 WL 6524009, at *2 (E.D. Mo. Dec. 12, 2018). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Dismissal of an action is appropriate if the court does not have subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Generally speaking, a federal court's subject matter jurisdiction over a case must be based on either federal question jurisdiction or diversity jurisdiction." *Miller v. Clark*, No. 12-cv-01453-BP, 2013 WL 12156800, at *1 (W.D. Mo. June 14, 2013). Here, Plaintiff attempts to invoke this Court's diversity of citizenship jurisdiction. (Doc. 1-1 at 1.) Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

To survive a motion to dismiss for failure to state a claim under 12(b)(6), a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need to include detailed factual allegations, the complaint must allege "more than a sheer possibility that a defendant acted unlawfully" to survive a motion to dismiss. *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 371 (8th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court generally "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable

---

[9] In the Civil Cover Sheet, Plaintiff's "brief description of the cause" states "Verified Bill in Equity seeking accounting, release of collateral, and restoration of beneficial rights."

inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## Discussion

Plaintiff attempts to invoke this Court's diversity of citizenship jurisdiction. (Doc. 1-1 at 1.) Defendants argue that Plaintiff has failed to establish the amount-in-controversy requirement for diversity jurisdiction. Additionally, Defendants argue that Plaintiff has failed to state a claim for equitable accounting because she has not pleaded a fiduciary relationship between herself and any Defendant.[10]

### I. Subject-Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction," and only certain types of cases may proceed in federal court. *Dakota, Minn. & E. R.R. v. Shieffer*, 715 F.3d 712, 712 (8th Cir. 2013). Plaintiff brought this case pursuant to diversity of citizenship jurisdiction, which provides federal courts with jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, the parties do not dispute that the diversity of citizenship requirement is met. Instead, they only dispute whether the amount in controversy exceeds $75,000. "The amount-in-controversy, for purposes of establishing diversity jurisdiction, in a suit for injunctive relief is measured by the value to the plaintiff of the claim asserted or sought to be enforced." *Comm. Coverage v. Paradigm Ins.*, 998 F. Supp. 1088, 1092 (E.D. Mo. 1998) (citing *Burns v. Mass. Mut. Life. Ins.*, 820 F.2d 246, 248 (8th Cir. 1987)). "[T]he requirements for diversity jurisdiction must be satisfied" at "the time of filings." *Scottsdale Ins. v. Universal Crop. Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

Plaintiff seeks no monetary damages in this case. Instead, Plaintiff seeks equitable and injunctive relief including:

1. That the Court declare CitiMortgage, Inc. never provided valid equitable consideration, rendering any purported obligation void in equity.

2. That the Court declare Respondents, through the December 17, 2024 reassignment, the March 27, 2025 Deed of Release, and the June 5, 2025 payoff, impaired the Beneficial Owner's equitable rights by failing to account.

3. That the Court compel CitiMortgage, Inc.; U.S. Bank National Association, . . . ; and NewRez LLC . . . to provide a full, joint, and transparent accounting of all assignments, transfers, securitizations, payoffs, and releases concerning

---

[10] Defendants also argue that Plaintiff lacks standing and that the issue is moot because the Deed of Trust obligation has been released. The Court need not reach these issues in light of the findings below.

> the subject property and instruments . . . .
>
> 4. That the Court order the restoration of the Beneficial Owner's equitable interest, free from impairment . . . [and]
>
> 5. That the Court direct that the public record be corrected or amended, as necessary, to reflect the Beneficial Owner's equitable rights and to prevent Respondents from unjustly benefiting from fragmented or inconsistent claims of authority.

(Doc. 1 at 3.) Plaintiff offers no facts as to the value of the requested equitable and injunctive relief in the Complaint. In her suggestions in opposition to Defendants' motions to dismiss, however, Plaintiff argues that the amount-in-controversy requirement is satisfied because "the status of the mortgage account immediately before the third-party purchaser payoff" was "an unpaid principal balance of $104,627.93." (Doc. 22 at 4; 29 at 3.) Defendants counter that Plaintiff is not seeking $104,627.93 in her Complaint, and that Plaintiff has not otherwise offered any explanation as to the value of the declarations and injunctive relief sought.

Courts have taken contrary views on how to determine the value of a request for an accounting for purposes of calculating the amount-in-controversy to establish diversity of citizenship jurisdiction. *Compare Hoster Bros., Inc. v. Okla. City Landfill, LLC*, No. 22-civ-842-g, 2024 WL 1343195, at *3 (W.D. Okla. Mar. 29, 2024) (limiting value to the cost of conducting the accounting, rather than the potential effects of the accounting (i.e. that the accounting could show underpayments by defendants in excess of $75,000) and concluding the amount-in-controversy requirement was not met), *with Noel v. Liberty Bank of Ark.*, No. 3:10-cv-00107 JLH, 2010 WL 2804331, at *1 (July 16, 2010) (valuing the relief sought by an accounting as "the value of the res, the damage to the res sought to be redressed, or the monetary value of the complainant's share of the res which is distributable"). Thus, following the analysis in *Hoster Brothers, Inc.*, the value of Plaintiff's requested accounting would be the cost of the accounting to be conducted by Defendants. Plaintiff has not suggested what this cost would be. On the other hand, adopting the reasoning in *Noel* would result in valuing the res (presumably here, the value of the debt), which Plaintiff claims was over $104,000 prior to the third-party payoff.

The Court need not resolve this discrepancy here because, importantly, the debt in this case has been released. In other words, Plaintiff no longer owes the $104,627.93 that she claims serves as the basis for the amount-in-controversy. *Cf. Paulman v. Bank of Am., N.A.*, No. 2:16-cv-00010-JLH, 2016 U.S. Dist. LEXIS 39754, at *4 (E.D. Ark. Mar. 25, 2016) (finding amount-in-controversy requirement satisfied where Paulman would "still owe defendants $110,355.41" if the

5

court did not grant the injunctive relief sought).  Moreover, none of Plaintiff's requested relief would provide her with any value in or right to the subject Property, which was foreclosed on and sold in foreclosure by a junior lienholder.  Absent any interest in the Property, Plaintiff has not and cannot establish the amount-in-controversy requirement for diversity of citizenship jurisdiction.  Even if the Court were to provide Plaintiff with the relief she seeks, that would not provide any value to Plaintiff.  For example, declaring as void any "purported obligation" as to Plaintiff would have no effect because the debt has been released.  Moreover, an accounting would provide no value to Plaintiff as she no longer has any interest in the Property or its instruments as a result of the release of the debt and foreclosure sale.[11]

Accordingly, Plaintiff has failed to meet her burden to show by a preponderance of the evidence facts establishing the amount-in-controversy exceeds $75,000.  Therefore, Defendants' motions to dismiss are **GRANTED**, and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## II. Failure to State a Claim

Even if Plaintiff had established the amount-in-controversy required to invoke this Court's diversity of citizenship jurisdiction, the Court further finds that Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Plaintiff fails to set forth any particular cause of action in her Complaint.  Plaintiff merely seeks to invoke this Court's equity jurisdiction.  However, as Defendants note, equity is a body of law and not a specific cause of action. (Doc. 25 at 6.)  *See Guar. Tr. Co. v. York*, 326 U.S. 99, 105 (1945) ("The suits in equity of which federal courts have had 'cognizance' ever since 1789 constituted the body of law which had been transplanted to this country from the English Court of Chancery.").  Defendant CitiMortgage, Inc., argues that Plaintiff's failure to assert a cause of action alone justifies dismissing the Complaint.  However, "pro se complaint[s] must be liberally

---

[11] Plaintiff does not appear to request relief challenging the junior lienholder foreclosure sale, nor are the relevant parties involved in that loan a party to this case.

Plaintiff's argument that that she "delivered a cashier's check for $108,000 to Specialized Loan Servicing LLC ("SLS"), acting for CitiMortgage" does not change this determination. (Doc. 22 at 2.)  First, Plaintiff failed to plead such facts in her Complaint.  Second, the exhibits attached to Plaintiff's suggestions in opposition show that Plaintiff did not submit a valid payment, and the payment was returned. (Doc. 22-1 at 1 ("The check . . . for $108,000.00, which you submitted to satisfy the loan and was received on October 23, 2023, was returned due to a Stop Payment issue.").)

construed." *Leach v. Norris*, 34 F. App'x 510, 511 (8th Cir. 2002) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

Liberally construing Plaintiff's pro se Complaint, the Court finds that Plaintiff's claim is most analogous to a claim for equitable accounting under Missouri law, as the primary relief she seeks is a "Joint Equitable Accounting" of the Property and its instruments.[12] However, Plaintiff has failed to plausibly plead facts that support an inference that she is entitled to relief for her claim. "Four elements are required to establish equitable jurisdiction for an accounting: the need for discovery, the complicated nature of the accounts, the existence of a fiduciary or trust relationship[,] and the inadequacy of legal remedies." *Maritz Holdings Inc. v. Cognizant Tech. Sols. U.S. Corp.*, No. 4:18-cv-826 CDP, 2019 WL 6910051, at *6 (E.D. Mo. Dec. 19, 2019) (quoting *Shaner v. Sys. Integrators, Inc.*, 63 S.W.3d 674, 677 (Mo. Ct. App. 2001)). "Of these, the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction." *Otey v. Nationstar Mortg., LLC*, No. 2:24-cv-04041-MDH, 2025 WL 873021, at *4 (W.D. Mo. Mar. 20, 2025) (citing *Am. Button Co. v. Weishaar*, 170 S.W.2d 147, 152 (Mo. Ct. App. 1943)).

Plaintiff has not pleaded any facts from which the Court can infer that any of the Defendants "stood as a fiduciary or legal trustee in any capacity" for Plaintiff. *See id.* (dismissing claim for accounting where plaintiff failed to plead fiduciary relationship); *see also Engelsmann v. Holekamp*, 402 S.W.2d 382, 388 (Mo. 1966) (holding plaintiff must prove the existence of a fiduciary relationship to state a claim for accounting). The relationship between Plaintiff and the various Defendants appears to be that of borrower and lender, as indicated by Defendants' CitiMortgage, Inc., and U.S. Bank National Association's execution of the release of the Deed of Trust, on behalf of the note holders, through Defendant NewRez LLC. (Doc. 1 at ¶ 5.) Generally, Missouri courts do not recognize a fiduciary relationship between a lender and a borrower. *See, e.g., Otey*, 2025 WL 873021, at *4 ("The relationship between borrower and lender is a debtor-creditor, not a fiduciary relationship.") (dismissing for failure to state a claim for equitable accounting under Missouri law); *Hutcheson v. JPMorgan Chase Bank, N.A.*, No. 6:14-cv-03499-

---

[12] This interpretation is further supported by Plaintiff's suggestions in opposition to the motions to dismiss in which she argues "[t]he verified accounting has not been rendered to date. Until Defendants produce a full accounting under oath, this controversy remains active, and equitable jurisdiction endures." (Doc. 22 at 6.)

7

BDH, 2015 WL 1401225, at *4 (W.D. Mo. Mar. 26, 2015) (finding no fiduciary relationship between borrower and lender for purposes of negligence claim under Missouri law).

In Plaintiff's suggestions in opposition, she argues that there is a fiduciary relationship between the parties because "[o]nce payment was made, Defendants held those funds in trust for application and release." (Doc. 22 at 5.) By this, Plaintiff appears to refer to the third-party payoff referenced in paragraph 6 of the Complaint. (Doc. 1 at ¶ 6 ("purchaser paid to discharge the mortgage"). Even if this third-party payoff created an equitable trust, and thus a potential fiduciary relationship between Defendants and the third-party payor, Plaintiff fails to explain how such a situation would create a fiduciary relationship between *herself* and any of the Defendants.

Thus, even construing Plaintiff's Complaint liberally, the Court concludes that Plaintiff has failed to plausibly plead a claim for equitable accounting under Missouri law.

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Defendants NewRez LLC and U.S. Bank National Association's motion to dismiss, (Doc. 19), and Defendant City Mortgage, Inc.'s motion to dismiss, (Doc. 24), are **GRANTED**, and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

[remainder of page intentionally left blank]

It is **FURTHER ORDERED** that Plaintiff's "motion in equity to seal record," (Doc. 5); Defendants' joint motion to stay discovery, (Doc. 26);[13] and Plaintiff's motion to compel verified accounting, (Doc. 39); are **DENIED as moot**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 6, 2026

---

[13] The Court notes it appears that no meaningful discovery has been conducted while Defendants' joint motion to stay discovery was pending. Under this Court's Local Rules, the filing of motions does not automatically stay discovery or disclosure requirements. *See* L.R. 26.1(b).

Moreover, the Court entered a Rule 16 Notice on October 9, 2025, directing the parties to file a joint proposed scheduling order by November 22, 2025. (Docs. 1, 16.) The parties did not do so by that date or any time thereafter. Plaintiff instead filed a "unilateral proposed scheduling order" on November 10, 2025, indicating that Defendants refused to participate in the Rule 26(f) Conference. (Doc. 30.) Plaintiff also submitted a "Certificate of Good-Faith Effort to Confer" and represented that when Defendants appeared for the Rule 26(f) Conference, they "stated they would not participate, asserting belief that their Motion to Dismiss and requested stay 'will be granted.'" (Doc. 28 at 1.)

Pursuant to this Court's Local Rules, "[i]f no plaintiff is represented by an attorney, an attorney for the defendants must" take the lead in drafting the proposed scheduling order. L.R. 16.1(c)(1). Thus, Defendants in this case should have taken the lead in drafting a proposed scheduling order, rather than leaving Plaintiff to unilaterally submit a scheduling order. The Court's Local Rules require that all parties "participate in good faith in the framing of the proposed scheduling order—including the discovery plan . . . ." L.R. 16.1(e). However, because this case is dismissed for the reasons set out above, the Court does not consider this issue further.